UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00093-MOC

| | |
|---|---|
| TERRANCE L. JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROY COOPER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, which the Court construes as brought under 42 U.S.C. § 1983. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 4, 7].

**I.  BACKGROUND**

Pro se Plaintiff Terrance L. James ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. He filed this action on March 30, 2023, against 19 individual Defendants, including the Governor of North Carolina, judges, attorneys, the District Attorney of Cleveland County, various "Jailers," officers of the Mountain Police Department, and various NCDPS officials.[1] [Doc. 1]. Plaintiff purports to bring this action based on violations of 18 U.S.C. §§ 241, 242, 1581, 1582, 1584-1597, and 2071. [Id. at 3]. Plaintiff claims that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the amount in controversy exceeds $75,000.00, he is a "corporation organized and existing under the laws of Moorish America," and the Defendants are "a corporation organized

---

[1] In his Complaint, Plaintiff refers to himself as the "Defendant" and the Defendants collectively as the "Plaintiff." [See Doc. 1]. The Court will refer to the parties correctly.

and existing under the law of the United States….." [Id. at 2]. Plaintiff makes no allegations of personal participation by any Defendant. Plaintiff appears to allege that his rights have been violated by virtue of his incarceration. [See Doc. 1]. Other than his allegation of the amount in controversy, Plaintiff does not state what relief he seeks.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff is plainly entitled to no relief in this frivolous action. He has failed to state any claim for relief or allege any personal participation by any Defendant. The Court will dismiss this

2

action with prejudice because amendment would be futile.

## IV. PRE-FILING REVIEW SYSTEM

Plaintiff has a very long history of filing frivolous, successive, duplicative, and vexatious actions with this Court. [See Case Nos. 1:04-cv-69-GCM, 1:04-cv-88-GCM, 1:04-cv-201-GCM, 1:05-cv-15-GCM, 105-cv-51-GCM, 1:05-cv-225-GCM, 1:06-cv-148-GCM, 1:11-cv-136-RJC, 1:11-cv-231-RJC, 1:13-cv-183-FDW, 3:13-cv-386-FDW, 1:18-cv-335-FDW, 3:18-cv-277-FDW, 3:18-cv-355-FDW, 1:19-cv-20-MR, 3:22-cv-38-MR]. Despite the Court's many previous rulings, Plaintiff is undeterred in pursuing actions wholly unsupported in law and fact. **Plaintiff, therefore, is expressly admonished that, should he file any further such actions in this Court, the Court will require Plaintiff to show cause why the Court should not impose a pre-filing review system on the Plaintiff, which would limit the Plaintiff's ability to file further lawsuits in this Court**.

A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and

3

Case 1:23-cv-00093-MOC   Document 8   Filed 05/08/23   Page 3 of 4

harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is wholly frivolous.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that this action [Doc. 1] is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e).

**IT IS FURTHER ORDERED** that, should Plaintiff file any further frivolous actions in this Court, he will be required to show cause why a pre-filing review system should not be imposed on him.

The Clerk is respectfully instructed to terminate this action.

Signed: May 8, 2023

Max O. Cogburn Jr.
United States District Judge